PINKSTON v. BOARD OF INS. COM'RS OF TEXAS.
No. 13353.

Court of Civil Appeals of Texas. Dallas.
Sept. 25, 1942.

Rehearing Denied Oct. 23, 1942.

Bruce Graham, of Dallas, for appellant.

Gerald C. Mann, Atty. Gen., and Robert Cherry, Wm. J. Fanning, and George W. Barcus, Assts. Atty. Gen., for appellee.

LOONEY, Justice.

Jack Pinkston, the appellant, conducted an insurance agency in the City of Dallas, under a license issued by the Board of Insurance Commissioners, as authorized by Art. 5062b, Vernon's Ann.Civ.St., Acts 1941, c. 212, 47th Leg. The license expired on March 1, 1942, but appellant made application to the Board for a renewal, which, after a full hearing, was refused on March 31, 1942. Appellant appealed from the action of the Board by filing suit against it in the court below. The Board answered, setting up in detail the reasons actuating it in refusing to renew appellant's license, and, by way of cross-action, sought a temporary injunction restraining appellant from soliciting or writing insurance pending final hearing of the suit on its merits. After a full hearing, the court granted the temporary injunctive relief sought, from which this appeal was taken.

At the hearing, there was ample evidence that warranted the Board in concluding that, in several respects, appellant had violated the provisions of the Act under which his license was issued; that is, had collected large amounts of premiums for insurance sold, and failed to properly account for and pay to the companies represented by him, premiums coming into his hands as local recording agent; and that, in the operation of his business, he had appointed an unlicensed solicitor and accepted business tendered by him.

The pertinent provisions of the statute, Art. 5062b, Vernon's, are these: Sec. 4 makes it unlawful for any person to act as local recording agent without first obtaining a license authorizing the pursuit of such business; Sec. 5 provides that no license shall be granted to any person unless the Board finds that such person is "of good character and good reputation, worthy of a license"; Sec. 8 provides that every such license shall expire on March 1st of each year, unless application to qualify for a renewal is filed with the Board, in which event, the license "shall continue in full force and effect until renewed or renewal is refused"; Sec. 13 forbids a local recording agent to appoint as his solicitor any unlicensed person; Sec. 16 provides that the license of any local recording agent may be suspended or canceled by the Board, after notice, "for violation of this Act or of any Insurance Laws of this State; or if any Local Recording Agent or Solicitor * * * shall fail to account or to pay promptly for premiums coming to his hands as such Local Recording Agent * * *"; Sec. 17 prescribes the procedure to be pursued by the Board in passing upon original applications for licenses, for renewal, or for the cancellation thereof; and Sec. 25 of the Act reads: "The Attorney General, or any District or County Attorney, or the Board of Insurance Commissioners, may institute any injunction proceeding or such other proceeding to enforce the provisions of this Act, and to enjoin any person, firm or corporation from engaging or attempting to engage in any of the business in violation of this Act or any of the provisions thereof. The provisions of this section are cumulative of the other penalties or remedies provided for in this Act."

Appellant's main contention is that his appeal to the District Court from the action of the Board in refusing to renew his license had the effect of vacating the order of the Board, and that, as a matter of law, his license was in full force and effect and he was authorized to pursue his business thereunder; hence the court erred in holding to the contrary and in granting the temporary injunction.

We overrule this contention; on the contrary, think the facts authorized the

action of the Board in refusing to renew appellant's permit and that, as provided by statute, the license expired on March 31, 1942, the date of the Board's order refusing to renew same.

It follows, therefore, that in continuing to prosecute his business without a license, appellant violated Sec. 4 of the Act, making it unlawful for any person without a license to act as a local recording agent, and was properly enjoined under the provisions of Sec. 25, heretofore set out. We do not think the trial court abused its discretion in making the order granting the temporary injunction appealed from; therefore, the same is, in all things, affirmed.

Affirmed.